**HURWITZ v. PINK, Superintendent of Insurance, et al.**

**In re UNDERWRITERS FINANCE CORPORATION.**

**Appeal of COHEN.**

**No. 210.**

Circuit Court of Appeals, Second Circuit.
May 2, 1938.

Henry Greenberg, of New York City (Emanuel Harris, of New York City, of counsel), for appellant.

Krause, Hirsch & Levin, of New York City (Sydney Krause, of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Frank Cohen, a defendant who appeals from the decree herein, received $81,288.50 from the Underwriters Finance Corporation, and in exchange therefor delivered to it $10,000 bonds at par of the Seaboard Continental Corporation, and $300,000 bonds par of Tribune Bond & Mortgage Company, all of which were worthless. Out of the $81,288.50 in cash and other moneys obtained from unrelated sources securities were purchased through various brokerage houses upon the order of Cohen and were thereupon transferred by him, or his agent, to Lloyds Insurance Company of America. As a result of the diversion of assets from Underwriters Finance Corporation, it was rendered insolvent, was thereafter adjudicated a bankrupt, and the complainant, Albert Hurwitz, was elected trustee. On August 16, 1933, the superintendent of insurance of the state of New York took over the business of Lloyds and became the official liquidator. The defendant Louis H. Pink, as such superintendent, is in possession of some of the securities purchased with the $81,288.50 and of the proceeds of such of them as have been sold by Lloyds and later by the liquidator.

The trustee of Underwriters Finance Corporation brought the present suit against the superintendent of insurance to impress a lien to the extent of $81,288.50 upon the cash and securities in his hands and joined Cohen as a party defendant, praying for a money judgment against him to that amount. The court decreed that Cohen pay $81,288.50 and interest and that the trustee have a lien therefor upon such of the securities as remained in the hands of the superintendent and upon the proceeds of those sold. Cohen alone has appealed.

■ The form of the decree rendered by the District Court is questioned on the ground that the trustee should be required to exhaust his remedy against the property in the hands of the liquidator (which may or may not be enough to satisfy plaintiff's claim) before proceeding to levy execution against Cohen. Manifestly the trustee cannot collect $81,288.50 and interest from both Cohen and the securities, since such an enforcement of the decree would involve a double payment. A satisfaction by Cohen of the entire claim would amount in effect to a ratification of the transfer as between himself and the trustee. But he would not thereby become entitled to be subrogated to the rights of the trustee and to retain or to enforce the lien of the latter upon the securities and proceeds in the hands of the liquidator of Lloyds. If Cohen restored the $81,288.50 and interest to the trustee, any cause of action by him to recover from the liquidator or to assert a lien upon the securities and cash would be barred because of his fraudulent diversion of the assets of Underwriters Finance Corporation out of which the securities were purchased. Subrogation is an equitable right which one who has fraudulently appropriated securities cannot acquire or exercise by satisfying a claim based upon the undoing of his own deliberate wrong. German Bank v. United States, 148 U.S. 573, 13 S.Ct. 702, 37 L.Ed. 564. Moreover, Cohen, who caused the fraudulent transfer to Lloyds to be made, could not prevail for the reason that his transfer to Lloyds of the securities purchased with the cash of Underwriters Finance Corporation, though invalid as against the trustee because Lloyds took the securities with notice of Cohen's fraud, was valid as between himself and the liquidator, for Cohen received a valuable consideration from Lloyds, in that the securities transferred to the latter were in payment of his own note for $297,000.

■ We can discover no right on Cohen's part to have the securities and cash in the hands of the liquidator subjected to a primary liability as against Cohen, and we hold that the trustee may proceed to enforce the claim of Underwriters Finance Corporation as against either party as the trustee sees fit and exactly as the decree permits. Buffum v. Barceloux Co., 289 U.S. 227, 235, 53 S.Ct. 539, 542, 77 L.Ed. 1140; United States v. Dunn, 268 U.S. 121, 134, 45 S.Ct. 451, 454, 69 L.Ed. 876. At the time the present suit was brought and ever since Cohen had not the securities or their proceeds in his possession. Having made a fraudulent transfer, he was bound to account for them, and the mere fact that Lloyds, another tort-feasor, had acquired them with notice of the wrong, did not relieve him from his liability to account. Such a personal liability on the part of Cohen is even more demonstrable than that im-

puted to Barceloux Company in Buffum v. Barceloux Co., 289 U.S. 227, 53 S.Ct. 539, 77 L.Ed. 1140.

The decree is affirmed, with costs.

MANTON, Circuit Judge, took no part in the decision of this case.